UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-CV-8 NAB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. 21.] Plaintiff requests attorney's fees in the amount of $3,887.50, at the rate of $187.50 per hour for 17 hours of attorney work and 7 hours of law clerk work at the rate of $100.00 per hour. Defendant Carolyn Colvin, Acting Commissioner of Social Security, does not object to Plaintiff's request for attorney's fees nor the amount requested. [Doc. 22.] Based on the following, the Court will award Plaintiff attorney's fees in the amount of $3,887.50.

**I.  Factual and Procedural Background**

Plaintiff James Wells filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under the Social Security Act. [Doc. 1.] On July 25, 2016, the Court issued an Order of Reversal and Remand and a Judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g). [Docs. 19, 20.] Plaintiff filed a motion for attorney's fees under the EAJA on October 20, 2016. [Doc. 21.] Defendant filed a response on October 31, 2016. [Doc. 22.]

## II. Standard of Review

"A court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified, and (4) make the application within thirty days of final judgment of the action. 28 U.S.C. § 2412(d)(1)(B). The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought. *Id.* "In sentence four [remand] cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G) ("Final judgment" means a judgment that is final and not appealable.")).

"It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action." *Stanfield v. Apfel*, 985 F.Supp. 927, 929 (E.D. Mo. 1997) (*citing Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986)). Obtaining a sentence four judgment reversing the Secretary's denial of

benefits is sufficient to confer prevailing party status. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

**III. Discussion**

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter. First, Plaintiff is a prevailing party in this action, because he has obtained a reversal of the Commissioner's denial of his application for benefits. [Doc. 20.]

Second, Plaintiff's application for attorney's fees is reasonable. Plaintiff requests attorney's fees in the amount of $3,887.50 at the rate of $187.50 per hour for 17 hours of attorney work and 7 hours of law clerk work. Plaintiff includes an itemized statement from his attorneys stating the actual time expended and the rate at which the attorney's fees were computed. Therefore, the Court will award Plaintiff attorney's fees for 17 hours of attorney work and 7 hours of law clerk work.

The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved." *Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1301 JCH at *1 (E.D. Mo. June 9, 2009). "The decision to increase the hourly rate is at the discretion of the district

court." *Id.* at *2. "Where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125.00] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Plaintiff's counsel cited evidence from the U.S. Department of Labor, explaining the change in the cost of living from 1996 when the $125.00 hourly limitation became effective until 2016. Defendant does not contest the hourly rate, the total fee request, nor the number of hours itemized in the invoice. Upon consideration of these facts, the Court finds that the hourly rate, number of hours expended, and a total fee award of $3,887.50 is reasonable. As alleged by Plaintiff, the Court finds that the Defendant's position was not substantially justified. Plaintiff's application for fees was timely filed. Therefore, the Court will award Plaintiff $3,887.50 in attorney's fees at the rate of $187.50 per hour for 17 hours of attorney work and 7 hours of law clerk work.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is **GRANTED**. [Doc. 21.]

**IT IS FURTHER ORDERED** that Social Security Administration shall remit to Plaintiff James Wells attorney's fees in the amount of $3,887.50, subject to any pre-existing debt that the Plaintiff owes the United States at the address of The Law Offices of Daniel Parmele, 1505 East Bradford Parkway, Springfield, Missouri 65804.

Dated this 14th day of November, 2016.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE